

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  10 - 4 2 3 2 3 CA 21

RAFAEL SANCHEZ,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.          /

### COMPLAINT FOR DAMAGES

    Plaintiff, Rafael Sanchez, by and through undersigned counsel hereby sues the Defendant, American Security Insurance Company for damages and in the support therefore states as follows:

    1.  This is an action within the jurisdictional limits of this court for damages in excess of Fifteen Thousand ($15,000.00) Dollars exclusive of interest, costs and attorney's fees.

    2.  At all times material hereto the Plaintiff, Rafael Sanchez, is a resident of Florida and is otherwise sui juris.

    3.  At all times material hereto the Defendant, American Security Insurance Company, is a company set up to engage in the business of entering into contracts of insurance and is licensed to do, and is doing, business in Dade County, Florida.  The Defendant, American Security Insurance Company, has breached the above-referenced contract pertaining to insurance coverage provided by the Defendant, American Security Insurance Company, to the Plaintiff property.

    4.  At all times material hereto, the Plaintiff, Rafael Sanchez, entered into an insurance contract with the Defendant, American Security Insurance Company bearing policy number HOC135287700, (a true and correct



EXHIBIT
Composite
1

copy of the insurance endorsement is attached hereto and marked as Plaintiffs' Exhibit "A").

5.  Said policy of insurance covered the property located at 6506 Miami Lakes Dr. E., Miami Lakes, Florida 33014, which was insured by the Defendant, Citizens for damages sustained as a result of a covered peril.

6.  On or about October 24, 2005 the Plaintiff, Rafael Sanchez, sustained losses due to a windstorm involving damage to the home located at 6506 Miami Lakes Dr. E., Miami Lakes, Florida 33014 and said damages were covered by the policy of insurance with the Defendant, American Security Insurance Company.

7. The Defendant, American Security Insurance Company, acknowledged coverage for  the instant claim and assigned claim number 001000351073. (A true and correct copy of the  partial payment made by the Defendant, American Security Insurance Company is attached hereto and marked as Plaintiff's Exhibit "B").

8. The Plaintiff, Rafael Sanchez, has complied with all terms and conditions of the insurance policy and all conditions precedent to the bringing of the instant action and/or said conditions have been performed, waived or excused.

9. The Plaintiff, Rafael Sanchez has hired undersigned counsel to represent him in this action and is obligated to pay their attorney a reasonable fee for services.

10.  Pursuant to Chapter 627.428, Florida Statutes, the Plaintiff, Rafael Sanchez is entitled to recover the legal fees incurred in bringing this action in addition to, prejudgment interest and taxable costs.

-2-



## COUNT I

### BREACH OF CONTRACT

The Plaintiff, Rafael Sanchez, readopts and realleges Paragraphs 1 through 10 above as if specifically set forth herein and further alleges as follows:

11. The Defendant, American Security Insurance Company is in breach of the insurance contract, due to their failure to comply with the terms and conditions of the subject policy of insurance and by failing to fully indemnify the Plaintiff for the damages that she has sustained as a result of the aforementioned-covered peril. (A true and correct copy of the Defendant's denial letter dated June 3, 2010 is attached and marked as Plaintiff's Exhibit "C").

12. The Plaintiff, Rafael Sanchez has been monetarily damaged with regards to damages sustained to their property as a result of the afore-referenced covered loss and by the failure of the Defendant, American Security Insurance Company to comply with their contractual obligations herein and fully indemnify the Plaintiff for his losses.

13. Due to the Defendant, American Security Insurance Company's, breach of the subject insurance contract, Plaintiff, Rafael Sanchez has been obligated to retain undersigned counsel to bring this action and, pursuant to Florida Statutes § 627.428 and others, undersigned counsel is entitled to an attorney's fee in this matter to be paid by the Defendant, American Security Insurance Company, in addition to prejudgment interest and taxable costs.

WHEREFORE, the Plaintiff, Rafael Sanchez, pray this Court for damages in the amount of their losses against the Defendant, American Security Insurance Company, said losses being in excess of Fifteen

Thousand ($15,000.00) and for attorneys fees, costs, prejudgment interest and demand trial by jury of all issues' triable as of right by a jury.

Dated this _3_ day of August, 2010.

> MINTZ, TRUPPMAN, P.A.
> 1700 Sans Souci Boulevard
> North Miami, FL 33181
> (305) 893-5506
> (305) 893-5511 FAX
>
> By: _____
> Keith A. Truppman
> FL Bar No: 473715



| AGENCY | | | |
|---|---|---|---|
| Major | Sub | Street | State |
| 08800 | 09 | 100 | |

**American Security Insurance Company**
PO BOX 50855, ATLANTA, GA 30302
770-763-1000
**RESIDENTIAL PROPERTY**
**ADDITIONAL INSURED ENDORSEMENT**

05/06/2005

POLICY NUMBER
09HOCS-C08-0642
RENEWAL

ADDITIONAL INSURED: Name and Address (Street No., City, State, Zip)

RAFAEL SANCHEZ
6500 E MIAM LAKES D
MIAM LAKES, FL 33014-2755

NAMED INSURED MORTGAGEE (Name and Address)
CHASE HOME FINANCE LLC
IS SUCCESSORS AND/OR ASSIGNS
P.O. BOX 47020
DORAVILLE, GA 30362
1-877-530-6951
LOAN NUMBER     5700846642

Coverage is provided where a premium or limit of liability is shown for the coverage, subject to all conditions of this policy.

| POLICY PERIOD ONE YEAR | COVERAGES | LIMITS OF LIABILITY | | PREMIUM |
|---|---|---|---|---|
| EFFECTIVE DATE 04/21/2005   EXPIRATION DATE 04/21/2006 | DWELLING | $ | 70,700 | $ 1,379.00 |
| EFFECTIVE TIME   NOON   12:01 A.M. (X) | | $ | | $ |
| DESCRIBED LOCATION (If different from mailing address above) | | $ | | $ |
| | AX CCEF | 0.00 | % | $ 0.00 |
| SECURITY INTEREST: | 442 | 0.0 | % | $ 0.00 |
| | ANNUAL PREMIUM AMOUNT | | | 1,379.00 |
| | ANNUAL TOTAL CHARGED | | | $ 1,379.00 |

Forms and endorsements which are made a part of this policy at time of loss

SEE BACK FOR LIST OF FORMS ATTACHED

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Residential Property coverage form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Insured with respect to such property, subject to the following additional provisions:

(a)   The above Named Insured Mortgagee is authorized to act for such Additional Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation, and return premium, if any.

(b)   The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Insured for the insurance afforded.

(c)   Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Insureds as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at our option.

**Deductibles:**
With respect to all perils except Vandalism and Malicious Mischief, the sum of $ 100 shall be deducted from the amount which would otherwise be recoverable for each loss separately occurring. With respect to Theft or Vandalism and Malicious Mischief a $ 250    per loss deductible applies. With respect to vacant property a $500    per loss deductible applies for Theft or Vandalism and Malicious Mischief.
A $ 500    per loss deductible shall apply for Hurricanes. These deductibles shall apply separately to each building or structure.

## THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.

ALL OTHER INQUIRIES
1 877 530 8951

CLAIMS INFORMATION ONLY
1-800-326-2845

Authorized Representative

Countersignature Date
05/06/2005

PLAINTIFF'S EXHIBIT

Agency 3

MMS-A-FI (Rev.3/02)

MS1051

```
CLAIM NO:    00100351073
NUMBER:      HOC135287700
COVERAGE:    MSP-Dwelling Extended Cov Pkg        LOAN NO:      000005700846842
                                                  OPERATOR ID:  CA0B53
INSURED NAME:  RAFAEL SANCHEZ

BELOW IS A BREAKDOWN OF THE PAYMENT AMOUNT:
REPAIR/REPLACEMENT:                      2,476.40
LESS RECOVERABLE DEPRECIATION:                .00
LESS NON-RECOVERABLE DEPRECIATION:            .00
LESS RECOVERABLE OVERHEAD & PROFIT:           .00
LESS DEDUCTIBLE:                          500.00
PAYMENT AMOUNT:                         1,976.40
MEMO:  DWELLING/WIND  LOAN#000005700846842
```

Mail To:   CHASE HOME FINANCE LLC - LOSS DRAFT
           PO BOX 47607
           ATLANTA, GA 30362-0607

Check # 62036500

---

**AMERICAN SECURITY INSURANCE COMPANY**
11222 Quail Roost Drive
Miami, Florida 33157-6596
(305) 253-2244 / FAX (305) 252-6987

JPMORGAN CHASE
Syracuse, New York

Check # 62036500
Date Issued 12/12/2005
PAY $*******1,976.40

Pay to the Order of:  RAFAEL SANCHEZ
AND CHASE HOME FINANCE LLC AUTOMATED HAZARD ACCOUNT

PAY: One Thousand Nine Hundred Seventy-Six and 40/100 Dollars

Insured    RAFAEL SANCHEZ
Claimant   RAFAEL SANCHEZ
Policy #   HOCHOC135287700
Claim No.  00100351073          Payment Type  FINAL
Cause of Loss WINDSTORM          Sub Producer Code 9HE0000
                                 Date Of Loss 10/24/2005

⑆006203650⑈ ⑆021309379⑈ 601⑈8⑈40713⑈

---

**AMERICAN SECURITY INSURANCE COMPANY**
11222 Quail Roost Drive
Miami, Florida 33157-6596
(305) 253-2244 / FAX (305) 252-6987

JPMORGAN CHASE
Syracuse, New York

Check # 62041153
Date Issued 02/01/2006
PAY $*******4,744.34

Pay to the Order of:  RAFAEL SANCHEZ
AND CHASE HOME FINANCE LLC AUTOMATED HAZARD ACCOUNT

PAY: Four Thousand Seven Hundred Forty-Four and 34/100 Dollars

Insured    RAFAEL SANCHEZ
Claimant   RAFAEL SANCHEZ
Policy #   HOCHOC135287700
Claim No.  00100351073          Payment Type  SUPPLEMENTAL
Cause Of Loss WINDSTORM          Sub Producer Code 9HE0000
                                 Date Of Loss 10/24/2005

⑆006204115⑈ ⑆021309379⑈ 601⑈8⑈40713⑈

PLAINTIFF'S EXHIBIT



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RAFAEL SANCHEZ,                               CASE NO.:     '10 - 42323CA 21

     Plaintiff,

                         **CIVIL SUMMONS**

v.

AMERICAN SECURITY
INSURANCE COMPANY,

     Defendant(s).
THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on defendant:

     **AMERICAN SECURITY INSURANCE COMPANY, by serving**
          **Chief Financial Officer of the State of Florida**
               **Service of Process Section**
               **200 E. Gaines Street**
               **Tallahassee, FL 32399-0307**

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney, to-wit: **KEITH A. TRUPPMAN, ESQUIRE** whose address is: **MINTZ,
TRUPPMAN, P.A., 1700 Sans Souci Boulevard, North Miami, FL 33181** within 20 days
after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

DATED ON_____AUG 0 4 2010____,2010.

                              as Clerk of said Court
                              **GEORGINA TAYLOR**
                              by:_____     as Deputy Clerk
                                    (Court Seal)





EXHIBIT
Composite
1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 7904983**
**Date Processed: 08/12/2010**

| | |
|---|---|
| Primary Contact: | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Circle NW<br>Atlanta, GA 30339-2111 |

| | |
|---|---|
| Entity: | American Security Insurance Company<br>Entity ID Number 1874436 |
| Entity Served: | American Security Insurance Company |
| Title of Action: | Rafael Sanchez vs. American Security Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Dade County Circuit Court, Florida |
| Case Number: | 10-42323CA21 |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 08/12/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Chief Financial Officer of the State of Florida on August 09, 2010 |
| How Served: | Electronic SOP |
| Sender Information: | Keith A. Truppman<br>305-893-5506 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



10-48971

RAFAEL SANCHEZ

PLAINTIFF(S),

VS.

AMERICAN SECURITY INSURANCE COMPANY

DEFENDANT(S).
_____/

CASE #:      **10-42323 CA 21**
COURT:       **CIRCUIT COURT**
COUNTY:   **DADE**
DFS-SOP#: **10-48971**

SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFFS EXHIBITS, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida.  Said process was received in my office by MAIL on the 9th day of August, 2010 and a copy was forwarded by Electronic Delivery on the 12th day of August, 2010 to the designated agent for the named entity as shown below.

AMERICAN SECURITY INSURANCE COMPANY
LYNETTE COLEMAN   (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

KEITH A. TRUPPMAN
1700 SANS SOUCI BOULEVARD
NORTH MIAMI FL 33181

CYA

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

10 - 42 3 2 3 CA 21

RAFAEL SANCHEZ,

     Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

     Defendant. _____/

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT

    Plaintiff, Rafael Sanchez, by and through undersigned attorney
and pursuant to Fla. R. Civil P., hereby propounds his First Set of
Interrogatories to the Defendant, American Security Insurance
Company, in the above styled matter consisting of 25 in number, to
be answered, as applicable, under oath and in writing within forty-
five (45) days from the date herein.

    I HEREBY CERTIFY that a true and correct copy of the foregoing
was served along with Plaintiffs' Complaint for Damages

                MINTZ, TRUPPMAN, P.A.
                Attorneys for Plaintiff
                1700 Sans Souci Boulevard
                North Miami, Florida 33181
                (305) 893-5506
                (305)893-5511 FAX

                BY_____
                   KEITH A. TRUPPMAN
                   Florida Bar No: 473715

<u>INTERROGATORIES</u>

1.  Please state the full name, occupation, present residence and business address of the person answering these interrogatories and anyone who assisted in answering same.

2.  Please state the basis in the insurance policy, in relation to the facts and applicable law, for your failure to pay the entire amount of the claim presented by the insured.

3.  Please describe each document upon which you rely for your failure to pay the claims in this case at the entire amount claimed by the insured, with sufficient particularity to allow their description in a Request for Production.

4.  Please describe all facts and circumstances giving rise to each of your defenses and affirmative defenses in this matter.

<u>2</u>

5.  Please explain the basis in the insurance policy in relation to the facts and/or applicable law for each of your defenses and affirmative defenses in this matter.

6.  Please list the name, address, and telephone numbers of all witnesses who have knowledge of the basis for or facts and circumstances giving rise to each of your Affirmative Defenses in this matter, and please describe each document on which you rely for each Affirmative Defense or which is related to same, with sufficient particularity to allow a description in a Request for Production.

7.  Please state with specificity all actions taken by the Defendant with regard to the timely evaluation of the above-referenced claim.

8.  Please state with specificity all actions taken by the Defendant with regard to the timely investigation of the subject claim.

3

9.   Please state with specificity any and all defenses the Defendant asserts to Plaintiffs' Complaint, outlining all individuals who will testify in support thereof, listing any and all documents which support each defense and outlining any and all evidence the Defendant has to support said defense.

10.   Please identify all written policies, manuals or written communications setting forth company practices, procedures, or policies regarding the handling of hurricane loss claims. Please identify the document with sufficient particularity to enable the Plaintiffs' to propound a Request for Production accordingly.

11.   Please provide a detailed description of the particular procedure or investigation that was pursued to evaluate and process the Plaintiffs' claim which is the basis of this suit.

12.   Was this procedure or investigation described in response to the preceding interrogatory normal or unusual? If the procedure or investigation was not normal or usual, please explain in what respect the procedure or investigation concerning Plaintiffs' claim deviated from the normal or usual procedure or investigation.

13.   Please describe the experience, training and educational background of each person who investigated, evaluated, managed and reviewed or otherwise handled Plaintiffs' claim, or rendered any written or oral report regarding the claim.

14.   If Plaintiffs' claim was reviewed by the regional and/or home office, identify each person in that office who reviewed the file, that person's supervisor, all writings or other evidence communication to and from that office regarding the handling of Plaintiffs' claim.

15.   Please state the name, professional and home address of each person who may or is expected by you, your attorney or any representative of yours, to testify as an expert witness during trial in this matter.

A.   Please list each expert's profession and occupation and the Security field in which is alleged an expert.

B.   Please state all qualifications of the subject expert which enables them to render an opinion in this cause.

C.   Please state the subject matter upon which each expert is expected to testify.

D.   Please list any and all opinions the expert has in regard to the subject matter of this litigation outlining each fact or facts determined, the substance of the facts relied upon, summary of grounds of each opinion.

16.   Please state whether the expert rendered any report to you with regard to the subject matter of this litigation and if so, sufficiently describe the reports so that the Plaintiffs' can propound a Request for Production of same.

17.   Please list the names and addresses of all persons who are believed or known by you, your agents or attorneys, to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

18.   Please state with specificity of each and every payment that was made to the Plaintiffs' relative to the subject claim, provide an explanation of the basis of each payment outlining each and every estimate and/or document that was relied upon relative to said payment.

19.   Please state with specificity the date of each and every estimate that was performed by and/or on behalf of American Security Insurance Company relative to the damage sustained to the Plaintiffs' dwelling as a result of the subject hurricane, outlining the date of the subject estimate, the amount of the subject estimate, the names of the adjusters who prepared the subject estimate, including any expert third parties that were retained to investigate and/or evaluated Plaintiff's claims and the dates that payments were made pursuant to said estimates.

20.   Please state the amount of sales tax that was allowed and/or determined to be owed to the Plaintiffs' relative to payments made to the Plaintiffs' as a result of the subject hurricane and the basis of the determination of the amount of sales tax.



21.  Please state with specificity what percentage of the Plaintiffs' roof was damaged as a result of the subject windstorm; outlining the number of tiles that were damaged, the square footage damage, and whether the local building code require replacement of the entire roof due to the damages sustained as a result of the subject windstorm.

22.  Please state with specificity whether the damage and loss to Plaintiffs' roof from the subject hurricane requires replacement of items (tiles) and whether the replaced items match in quality, color or size, if so, specify the name of the contractor and/or manufacturer that can replace the damaged roof items (tiles) in accordance with Florida Statue §626.9744.

23.  Please state with specificity that if the proposed replacement items (tiles) relating to damage to Plaintiffs' roof do not match in quality, color or size, whether the Defendant considered the cost of repairing or replacing the undamaged portion of the property (roof), the degree of uniformity that could be achieved without such costs, the remaining useful life of the undamaged portion and any other relevant factor considered by the Defendant outlining that each and every (estimate) relied upon by the Defendant, the name and address of the proposed contractor, roofer and/or manufacturer, and/or any other personnel relied upon relative to the Defendants determination in compliance with Florida Statute §626.9744.

24.  Please state whether the Defendant contacted the manufacturer of the roof tiles that were damaged as a result of the subject windstorm to Plaintiffs' roof to determine whether said tiles could be replaced and match in quality, color or size, and if not what the cost per square footage was to replace either the damaged tiles and/or the roof in total with tiles of like, kind and quality.

25.  Please state with specificity each and every claim that American Security Insurance Company presently has denied relative to hurricane damage to their insured's roof based upon American Securitys' determination that the subject roof did not exceed 25% of the cost of repair and/or that their insured was required to replace damaged tiles with tiles that did not match in quality, color or size as were originally installed and/or existed at the time of the subject peril and damage.

By: _____


STATE OF FLORIDA      )
                      SS:
COUNTY OF                    )

     The foregoing instrument was acknowledged before me this ___
day of _____, 2010, by _____
_____, who is personally known to me or who has
produced _____, as identification and who did
(did not) take and oath.


                              _____
                              NOTARY PUBLIC


                              _____
                              (Name of Notary, typed, printed
                              or stamped)

                              _____
                              (Title)


                              _____
                              (Serial Number, if any)

IN THE CIRCUIT COURT OF THE
11H JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

10 - 42 323 CA 21

RAFAEL SANCHEZ,

     Plaintiffs,

vs.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant. _____/



ORIGINAL
FILED
AUG - 4 2010
HARVEY RUVIN
CLERK

## REQUEST FOR PRODUCTION

COME NOW, the Plaintiff, Rafael Sanchez, by and through his undersigned attorney, and pursuant to Rule 1.350, Fla. R. Civil P., hereby file this Request for Production to the Defendant, American Security Insurance Company, in the above styled matter and respect- fully requests that the Defendant produce for inspection and copying, in the offices of Mintz & Truppman, P.A., pursuant to the applicable Rules of Civil Procedure, the following:

1. A true and correct copy of any and all statements, whether written, oral or recorded, in whatever fashion, taken of the Plaintiff, Rafael Sanchez, and/or their agents, servants, employ- ees, etc. in regard to the subject matter of this litigation.

2. A true and correct copy of any and all statements, whether written, oral or recorded in whatever fashion, taken of all independent witnesses or other persons by the Defendant, Citizens Property Insurance Corporation, with regard to the subject matter

of this lawsuit.

3.  A list and/or documents showing the names, addresses and telephone numbers of any and all witnesses whose statements have been taken, indicating their full legal name, resident addresses and telephone numbers in regard to the subject matter of this litigation.

4.  Any and all invoices and bills reflecting payments made by the Plaintiff, Rafael Sanchez, with regard to premiums paid under the subject policy of insurance herein.

5.  A true certified copy of the applicable insurance policy issued to the original insured, Rafael Sanchez by the Defendant, American Security Insurance Company, including any and all endorsements in effect on the date of this loss for each of the units at the address of the building specified in the Complaint and any documents showing their effective date and cancellation.

6.  Any and all memoranda, notes, correspondence and any and all other documents or tangible things which, in any way, show or purport to show any communications between the Defendant, American Security Insurance Company, and the Defendant's servants and/or employees on the one hand, and the Plaintiff, Rafael Sanchez, his agents, public adjuster, employees, and/or attorneys concerning the subject matter of this litigation.

7.  Any and all photographs within the possession, custody and control of the Defendant, American Security Insurance Company, their agents or employees, concerning the subject matter of this

litigation. Specifically, photographs in the carrier's underwrit-
ing file or elsewhere which would show any pre-existing damage to
any of the locations from before the loss, as well as after the
loss.   As grounds for this paragraph, the Plaintiff, Rafael
Sanchez, would state that they cannot without undue hardship,
obtain a substantial equivalent of these photographs.

8.   Any and all documents of whatever nature and kind
submitted by the Plaintiff and/or Plaintiffs" agents, public
adjuster and/or attorneys, etc., to the Defendant, its' agents,
servants, and/or employees in regard to the subject loss.

9.  The entire claim file in this matter, including any table
of contents or summaries thereof, excluding documents which
encompass the attorney/client privilege and/or work product
doctrine.  [Any and all documents excluded, please list documents
with sufficient particularity such that the Court can conduct an in
camera inspection of same.]

10.  The entire underwriting file with regard to the subject
matter of this litigation.

11.   Copies of any and all prior or subsequent claims.

12.  Any and all internal rules, regulations, memos, guide-
lines, claim department and technical procedure manuals with regard
to the Defendant's policy on the investigation, evaluation and
settlement of property damage, casualty and/or hurricane claims.

13.  Any and all documents of any kind or nature showing the
current and last known addresses and telephone numbers of all

persons involved with regard to the underwriting and claim handling decision concerning the file which is the subject matter of this litigation.

14. All correspondence between you and any insurance agent or broker or underwriter related to the insurance involved herein.

15. Copies of any and all documents by and between the Defendant and its' investigators, insurance adjusters and appraisers relating to the subject matter of the Plaintiffs' Complaint which was not prepared in the anticipation of litigation.

16. Any and all manuals, educational materials and written instructions used for the training of Defendant's adjusters, agents, and/or personnel who are involved in the processing of Plaintiffs' policy and claim.

17. Any and all expert reports including but not limited to reports regarding cause and origin, estimates for repair and/or replacement, damage to Plaintiffs' building, or any other subject matter concerning this litigation prepared by any experts who will be utilized at the time of trial on behalf of the Defendant.

18. A copy, at the Plaintiffs' expense, of any photographs, videotape or film in the possession of the Defendant, its agents, employees or attorneys, which depict the Plaintiffs' building or the scene or area where the alleged incident occurred.

19. Any and all diagrams or sketches depicting the scene or area where the alleged incident occurred.

20. Copy of any reports relating to any issue in this lawsuit

which have been prepared by experts that you intend to call as witnesses in this cause.

21.   Copies of any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which you intend to use during the trial of this cause and which have not been produced in response to any of the preceding paragraphs or Request for Production.

22.   Any and all documentation or other tangible evidence which you contend supports your claim that all conditions precedent to bringing this action have not been met.

23.   A copy of any and all reports by any general contractor, roofer, electrician, or other construction personnel hired by the Defendant to examine and/or evaluate any of the claims asserted by the Plaintiff.

24.   Copies of any and all correspondence to the Plaintiff from the Defendant relative to any of the claims asserted by the Plaintiff.

25.   Copies of any and all checks from the Defendant to the Plaintiff for any claims asserted in this lawsuit.

26.   Any and all reports, appraisals, work papers, ledgers, inventories, evaluations or estimates existing, gathered, prepared, organized or assembled, relating to the claim which is the subject matter of this litigation.

27.   All applications of insurance for any policies issued by the Defendant to the Plaintiff.

28.   Any and all inspections reports, including photographs taken by and/or on behalf of the Defendant relative to providing the insurance coverage to the Plaintiff and/or the issuance and/or renewal of the subject policy of insurance.

29.   Any and all estimates of any kind or nature relating to damage Plaintiff's roof as a result of the subject windstorm.

30.   Any and all documentation of any kind or nature relied upon by the Defendant that the damage sustained to Plaintiff's roof as a result of the subject windstorm can be replaced with items that match in quality, color or size and supports the Defendant's refusal to fully indemnify the Plaintiff's for replacement and/or repair of the Plaintiff's entire roof as a result of this subject peril.

31.   Any and all documentation of any kind or nature relied upon by the Defendant, in that relative to their failure to indemnify the Plaintiff for replacement of his roof, due to damages sustained as a result of the subject peril.

32.   Any and all documentation of any kind or nature reflecting that the Defendant determined that the replacement items relative to damage to Plaintiff's roof do match in quality, color or size and that the Defendant, American Security Insurance Company was not required to make reasonable repairs or replacement of items in adjoining areas.

33.   Any and all documentation reflecting that the Defendant, American Security Insurance Company considered the cost of

repairing or replacing the undamaged portion of Plaintiff's roof, the degree of uniformity that could be achieved without such cost, the remaining useful life of the undamaged portions of the roof and any other relevant factor before the indemnity paid to the Plaintiff relative to the subject roof damage.

34.   Any and all documentation of any kind or nature to support the Defendant complied with Florida Statute §626.9744 relative to the subject claim.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Defendant, through the Insurance Commissioner's Office, State of Florida, with the Summons and Complaint for Damages herein.

MINTZ & TRUPPMAN, P.A.
Attorneys for Plaintiff
1700 Sans Souci Boulevard
North Miami, Florida  33181
(305) 893-5506
(305) 893-5511

BY
KEITH A. TRUPPMAN

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:

                        ᴵᴄ  4233CA 21

RAFAEL SANCHEZ,

        Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

        Defendant.

**ORIGINAL
FILED
AUG - 4 2010
HARVEY RUVIN
CLERK**

_____/

<u>PLAINTIFF'S REQUEST FOR ADMISSIONS</u>

The Plaintiff, Rafael Sanchez, by and through their under-
signed attorney, request an admission of the truth of the following
matters relevant to the subject matter of the pending action and
relating to statements or opinions of fact or of the application of
law to fact, including the genuineness of any documents described
hereto, by the Defendant, American Security Insurance Company, in
writing, within forty-five (45) days from service thereof and in
accordance with Rule 1.370 of the Florida Rules of Civil Procedure.

Each matter of which an admission is requested shall be set
forth separately and the matter will be admitted unless the party
to whom the request is directed serves upon the party requesting
the admission a written answer or objection addressed to the matter
within forty-five (45) days from service thereof. If objection is
made, the reasons shall be stated and the answer shall specifically
deny the fact or set forth, in detail, the reason why the answering

party cannot truthfully admit or deny the matter.

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served with Plaintiffs' Complaint for Damages.

MINTZ, TRUPPMAN, P.A.
Attorneys for Plaintiff
1700 Sans Souci Bouelvard
North Miami, Florida 33181
(305)893-5506
(305)893-5511 fax

By: _____
Keith A. Truppman
Florida Bar No: 473715

-2-

<u>REQUEST FOR ADMISSIONS</u>

1.   Admit that the declarations page attached to Plaintiff's Complaint as Exhibit "A" is a true and correct copy outlining the coverages provided by the Defendant to the Plaintiffs' relative to the subject losses.

2.   Admit that the Defendant failed to deliver to the Plaintiffs' the subject policy of insurance that was in effect at the time of the subject loss, within (60) sixty days after the effectuation of coverage.

3.   Admit that the Plaintiff's dwelling sustained a covered losses as a result of the subject windstorm of October 24, 2005.

4.   Admit that the Defendant failed to make full payment to replace Plaintiff's damages sustained as a result of the windstorm of October 24, 2005.

5.   Admit that the Defendant received all documentation necessary to indemnify the Plaintiff for all losses sustained as a result of the windstorm of October 24, 2005.

6.   Admit that Plaintiff's roof sustained damages well in excess of 25% of the roof structure due to the windstorm of October 24, 2005.

7.   Admit that the Defendant, American Security Insurance Company performed and/or obtained an estimate on their behalf relative to the damages to Plaintiffs' dwelling as a result of the subject windstorm.

-3-

8.   Admit that the Defendant has not made full payment pursuant to the statement of losses relative to the damages sustained to the Plaintiffs' dwelling  as a result of the subject windstorm of October 24, 2005.

9.   Admit the Plaintiffs' roof sustained physical damage as a result of the subject windstorm and said damage requires repair and/or replacement of the tiles of the Plaintiffs' roof.

10.  Admit that the Defendant, American Security Insurance Company is responsible to replace all roof tiles with tiles that match in quality, color and size that were damaged in the subject windstorm of October 24, 2005.

11.  Admit that the roof tiles on Plaintiffs' roof that were damaged as a result of the subject windstorm are no longer available and the replacement items do not match in quality, color or size and, as such the Defendant, American Security Insurance Company is required to make reasonable repairs or replacement of items in adjoining areas.

12.  Admit that the Defendant, American Security Insurance Company must consider the costs of repairing and/or replacement of the undamaged portion of the roof tiles, the degree uniformity that can be achieved, the remaining useful life of the undamaged portion of the roof tiles and other relevant factors.

13.  Admit that the Defendant has failed to comply with Florida Statute §626.9744 relative to the subject claim.

-4-